Christopher Parkhurst, SBN 203402
Law Offices of Christopher Parkhurst
1007 7th Street, Suite 302
Sacramento, CA 95814
916-277-8299 TEL
916-231-6008 FAX
E-mail: parkhurstattorney@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RYAN MICHAEL SPENCER,<br><br>　　　　Defendant | Case No.: 3:17-mj-70643-MAG<br><br>DEFENDANT'S RESPONSE TO GOVERNMENT MOTION TO REVOKE RELEASE OF RYAN MICHAEL SPENCER |

DEFENDANT'S RESPONSE TO GOVERNMENT MOTION TO REVOKE RELEASE OF RYAN MICHAEL SPENCER - 1

Defendant is charged with a violation of 18 U.S.C. §2252(a)(4)(B), which is not one of the enumerated offenses found in 18 U.S.C. §3142(e)(3)(E).

**(3)** Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed--…

**(E)** an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

There is no presumption that no condition or combination of conditions will assure his appearance. The Government is still required to provide clear and convincing evidence that the pretrial release conditions imposed upon Mr. Spencer are insufficient.

Although several witnesses were presented to discuss the alleged actions of Bryan Petersen, there were no victim impact statements presented against Mr. Spencer. No real world victims have come forward against Mr. Spencer. His conduct, as currently charged, is alleged to have taken place online, and any manifestation in the physical world has not been confirmed by victim statements available to the defense as of this writing.

Even if the Court finds there is probable cause to believe Mr. Spencer committed one of the enumerated offenses, the government still has the burden of persuasion.

> Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government. *See United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir.1991). A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B).

*U.S. v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

> If a defendant proffers evidence to rebut the presumption of dangerousness, the court considers four factors in determining whether the pretrial detention standard is met: (1)

DEFENDANT'S RESPONSE TO GOVERNMENT MOTION TO REVOKE RELEASE OF RYAN MICHAEL SPENCER - 2

> the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See United States v. Winsor,* 785 F.2d 755, 757 (9th Cir.1986); *United States v. Motamedi,* 767 F.2d 1403, 1407 (9th Cir.1985).

*U.S. v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008).

The Government's central concern is the danger Ryan Spencer presents to the community and it argues that the strict pretrial release conditions are insufficient to protect the community. This argument rests almost entirely on the baseless assumption that Mr. Spencer is a technical genius who can circumvent any conditions of release. There was no evidence presented that Mr. Spencer has any technical knowledge beyond that of anyone else his age. Assuming that a random person will come over to his home and give him unfettered access to their electronics or that FBI is not competent or capable of conducting a thorough search of his home so they may have missed several hidden devices is not clear and convincing nor even persuasive evidence that Mr. Spencer is a danger. At this point, the FBI has executed search warrants on his computers and any associated accounts so that he can no longer access any hypothetical cloud accounts. Moreover, neighbors of Mr. Spencer's father in San Jose, where Ryan Spencer will be released and living during the pretrial phase if the magistrate's order is upheld, will be

notified to ensure that they neither allow access to children or wi-fi. However, even if these purely hypothetical scenarios existed, Mr. Spencer must still be released.

> Our inquiry is not yet complete. Even where a defendant poses a danger, he must still be released if there is a "condition or combination of conditions [that] will reasonably assure ... the safety of any other person and the community." 18 U.S.C. § 3142(e). *U.S. v. Hir¸* 517 F.3d 1081, 1091–92 (9th Cir. 2008). We note that the Bail Reform Act contemplates only that a court be able to "reasonably assure," rather than guarantee, the safety of the **community**. *See United States v. Tortora,* 922 F.2d 880, 884 (1st Cir.1990) ("Undoubtedly, the safety of the **community** can be reasonably assured without being absolutely guaranteed.... Requiring that release conditions *guarantee* the **community's** safety would fly in the teeth of Congress's clear intent that only a limited number of defendants be subject to pretrial detention.

*U.S. v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008).

Passed by Congress in 2006, the Walsh Act amended the Bail Reform Act of 1984, 18 USC § 3142 to require a defendant charged with crimes involving a minor victim, if released before trial, be placed on a prescribed minimum set of release conditions. As amended, the Bail Reform Act now requires that such a defendant (1) be placed on electronic monitoring; (2) abide by specified restrictions on personal associations, place of abode or travel; (3) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; (4) report on a regular basis to a designated law enforcement agency, pretrial services agency or other

DEFENDANT'S RESPONSE TO GOVERNMENT MOTION TO REVOKE RELEASE OF RYAN MICHAEL SPENCER - 4

agency; (5) comply with a specified curfew and' (6) refrain from possessing a firearm, destructive device or other dangerous weapon. 18 U.S.C. § 3142(c)(1)

Mr. Spencer has been ordered to be on strict home confinement with all appointments to be cleared with pretrial services, and he is at all such times ordered to have parental accompaniment for those pre-approved appointments. His home has been inspected, and internet access via router has been removed. He will not have access to children in his home, nor to the Internet. It is well-recognized that a pretrial detention order must be careful to ensure that the "order is consistent with the defendant's constitutional and statutory rights." *United States v. Townsend,* 897 F.2d 989, 994 (9th Cir.1990). "[T]he Fifth and Eighth Amendments prohibitions of deprivations of liberty without due process and of excessive bail require careful review of pretrial detention orders to ensure that the statutory mandate has been respected." *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir.1985).

**CONCLUSION**

WHEREFORE, releasing Mr. Spencer under the conditions listed meets both the requirements of 18 U.S.C. §3142 and the U.S. Constitution and Mr. Spencer respectfully requests this Court deny the Government's Motion to Revoke Release.

Dated this 5th of May, 2017.

\s\Christopher Parkhurst
Christopher Parkhurst
Attorney for Ryan Spencer

DEFENDANT'S RESPONSE TO GOVERNMENT MOTION TO REVOKE RELEASE OF RYAN MICHAEL SPENCER - 5