1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  JULIE D. GARCIA (CABN 288624)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6758
7       FAX: (415) 436-7234
        julie.garcia@usdoj.gov
8
   Attorneys for United States of America
9

10                         UNITED STATES DISTRICT COURT

11                        NORTHERN DISTRICT OF CALIFORNIA

12                              SAN FRANCISCO DIVISION

13                                              ) CASE NO. 3:17-~~mj-70643-MAG~~ CR-0259-CRB-2
    UNITED STATES OF AMERICA,                   )
14                                              )
            Plaintiff,                          )
15                                              ) **STIPULATION AND [~~PROPOSED~~]**
       v.                                       ) **PROTECTIVE ORDER**
16                                              )
    RYAN MICHAEL SPENCER,                       )
17                                              )
            Defendant.                          )
18                                              )

19
           Plaintiff United States of America, by and through Julie Garcia, Assistant United States Attorney
20
   for the Northern District of California, and the defendant, Ryan Michael Spencer, through his attorney
21
   Christopher Parkhurst, hereby stipulate and agree as follows:
22
           WHEREAS the defendant is charged in a one-count Complaint charging violation of Title 18,
23
   United States Code, section 2252(a)(4)(B) (possession of child pornography).
24
           WHEREAS the United States seeks to produce to the defense materials that may contain private
25
   and confidential information relating to the defendant and other individuals, or that are otherwise
26
   confidential and/or law-enforcement sensitive.
27
           WHEREAS in order to protect the privacy of the individuals whose information is contained in
28

the materials, and to prevent the further dissemination of any private, confidential, and/or law-enforcement sensitive information contained in the materials, the United States seeks to limit their disclosure and use.

WHEREAS to allow the defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the United States and defendant agree that disclosure of the materials described above is subject to the following restrictions:

IT IS HEREBY STIPULATED AND AGREED:

1. The provisions of this Protective Order apply to documents marked as "Confidential and Subject to Protective Order" ("Protected Material"). This designation will be made either on each page of a document or on electronic media containing multiple documents. For any such documents or media, the defendant agrees that the provisions of this Protective Order apply until an attorney for the United States agrees in writing that the documents may be disclosed, or the Court enters an Order to that effect.

2. The following individuals (the "defense team") may access and review Protected Material for the sole purpose of preparing the defense and for no other purpose:

    a. Counsel for defendant;

    b. The defendant, but only in the presence of counsel;

    c. Persons employed by defense counsel assisting with the preparation of the defense;

    d. Any expert retained on behalf of the defendant to assist in the defense of this matter;

    e. Any investigator retained on behalf of defendant to assist in the defense of this matter.

3. The defense team may make additional copies of Protected Material but may not distribute them outside the defense team, may not make the documents or their contents public, and may not otherwise further disseminate the documents. After any judgment or disposition has become final and there are no pending proceedings, challenges, or appeals in the case, the defense team shall, upon a request from the attorney for the United States, destroy the documents or electronic media, delete any electronic copies, or return the documents or electronic media.

4. Without written permission from the government or a court order secured after appropriate notice, the defendant may not file in the public record in this action any Protected Material.

5. This Order applies to all attorneys associated with the above case who have knowledge of this

Order regardless of the nature of their involvement in the case.   This Order shall be binding on all subsequent attorneys who represent the defendant in this case or any other person who comes into possession of the Protected Material disclosed pursuant to this Order.

6.     Any disputes concerning this Stipulation and Protective Order shall be resolved by this Court only after counsel for the United States and defendant have first conferred and attempted to resolve the dispute.

SO STIPULATED:

BRIAN J. STRETCH
United States Attorney

DATED:  May 1, 2017

          /s/
JULIE D. GARCIA
Assistant United States Attorney

DATED:  May 1, 2017

          /s/
CHRISTOPHER PARKHURST
Attorney for Defendant

IT IS SO ORDERED.

DATED:  5/16/17

HON. _____
United States _____
Judge Joseph C. Spero

PROTECTIVE ORDER
NO. 3:17-MJ-70643-MAG                       3