Shannon M. Dorvall   CA SBN 241589
Imhoff & Associates, P.C.
12424 Wilshire Blvd., Ste 700
Los Angeles, CA  90025
Phone:  (310) 315-1100
Fax:  (310) 315-1152
shannondorvall@criminalattorney.com

Attorney for Ryan Michael Spencer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>RYAN MICHAEL SPENCER,<br><br>            Defendant. | Case No.: 3:17-cr-00259-CRB<br><br><br>MOTION FOR RELIEF FROM DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE |

# TABLE OF CONTENTS

Table of Contents.................................................................................................... ii

Table of Authorities ............................................................................................... iii

    I.  Request for Stay ............................................................................................2

ARGUMENT

    II.  Magistrate Erred in Ordering Mr. Spencer to Decrypt His Devices ......................2

    III.  Factual/Clerical Mistakes.............................................................................3

    IV.  Court Failed to Find Relief Necessary or Appropriate .........................................3

    V.  Decryption Is Testimonial As Mr. Spencer Must Use Contents of Mind..............7

    VI.  Order Misapplies the Foregone Conclusion Doctrine .......................................11

    VII.  Government Failed to Prove Reasonable Particularity ......................................19

        A.  Apple iPhone .......................................................................................20

        B.  Alienware Laptop .................................................................................22

        C.  Transcend External Hard Drive ...........................................................23

    VIII.  Co-Defendant Is Inadequate and Unreliable Basis to Grant Order .................24

    IX.  Conclusion ..................................................................................................26

1
2
3

# TABLE OF AUTHORITIES

## Cases

*Couch v. U.S.,* 409 U.S. 322 (1973)..........................................................................18

*Curcio v. U.S.,* 354 U.S. 118 (1957) ........................................................................10

*Fisher v. U.S,,* 425 U.S. 391 (1976)......................................................................8, 14

*Hunt v. NBC*, 872 F.2d 289 (9th Cir. 1989) ..............................................................3

*In re Apple, Inc.*, 149 F.Supp. 3d 341 (E.D.N.Y. 2016) .........................................5

*In re Grand Jury Subp. Duces Tecum Dated March 25, 2011*, 670 F.3d 1335 (11th
   Cir. 2012) .........................................................................................passim

*In re Grand Jury Subpoena (Maltby)* 800 F.2d 981(9th Cir. 1986) ......................18

*Lee v. Illinois*, 476 U.S. 530 (1986) ........................................................................24

*Murphy v. Waterfront Commn. of New York Harbor*, 378 U.S. 52 (1964) ...........12

*U.S. v. Apple MacPro Computer*, 851 F.3d 238 (3d Cir. 2017) ....................*passim*

*U.S. v. Balsys*, 524 U.S. 666 (1998)........................................................................12

*U.S. v. Green*, 272 F.3d 748 (5th Cir. 2001) .............................................................9

*U.S. v. Greenfield*, 831 F.3d 106 (2d Cir. 2016).....................................................19

*U.S. v. Kirschner*, 823 F. Supp. 2d 665 (E.D. Mich. 2010).....................................9

*U.S. v. Ponds*, 454 F.3d 313 (D.C. Cir. 2006) ........................................................14

*U.S. vs. Hubbell*, 530 U.S. 27 (2000)..............................................................*passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Statutes

18 U.S.C. § 2251(a) ............................................................... 15

28 U.S.C. § 636(b)(1)(A) ........................................................ 2

28 U.S.C. §1651(a) ................................................................ 3

## Rules

Fed.R.Crim.P. 59(b)(2) ........................................................... 1

Fed.R.Crim.P. 59(b)(3) ........................................................... 2

## Constitutional Provisions

U.S. CONST. amend. V ..................................................... *passim*

Shannon M. Dorvall   CA SBN 241589
Imhoff & Associates, P.C.
12424 Wilshire Blvd., Ste 700
Los Angeles, CA  90025
Phone:  (310) 315-1100
Fax:  (310) 315-1152
shannondorvall@criminalattorney.com

Attorney for Ryan Michael Spencer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>RYAN MICHAEL SPENCER,<br><br>                 Defendant. | Case No.: 3:17-cr-00259-CRB<br><br><br>MOTION FOR RELIEF FROM DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE |

Pursuant to Fed.R.Crim.P. 59(b)(2), Defendant Ryan Michael Spencer respectfully submits these Objections to the Magistrate Judge's Order Granting Application under the All Writs Act Compelling [Ryan] Michael Spencer to Aid in the Execution Of a Search Warrant issued March 20, 2018.  (MJ Dkt. 20).

Defendant Spencer objects to the Order requiring production of the subject electronic devices in an unencrypted state as a violation of Fifth Amendment Rights and contrary to substantive law.

## I.      Request For Stay

Magistrate Judge Corley's underlying Order[1] requires Defendant Ryan Michael Spencer to produce three electronic devices in an unencrypted state for use against Mr. Spencer in his pending criminal case.  Defendant Spencer requests that the Court stay the Order until the Court rules on these objections and all appeals are resolved.

## II.     The Magistrate Erred in Ordering Mr. Spencer to Produce His Devices in an Unencrypted State

The Magistrate erred in ordering Mr. Spencer to assist in the execution of a search warrant through compelled decryption of the subject electronic devices for the government.  "The district judge must consider *de novo* any objection to the magistrate judge's recommendation.  Fed.R.Crim.P. 59(b)(3).   A district judge may modify or set aside an order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).  The "clearly erroneous" standard is met where the magistrate judge (1) failed to "apply the correct legal standard"; (2) "misapprehended the underlying

---

[1] Hereinafter referred to as Order

substantive law"; or (3) rested the decision "on a clearly erroneous finding of a material fact." *Hunt v. NBC*, 872 F.2d 289, 292 (9th Cir. 1989).

Execution of said Order would violate Mr. Spencer's Fifth Amendment right against self-incrimination.   The Order is a clearly erroneous interpretation of and contrary to the law of the land.

### III.    Clerical/Factual Mistakes

The title of the order lists the defendant as Michael Spencer.   The correct name is Ryan Michael Spencer.  (Complaint Dkt 1).  On page 3, line 13, the order lists the laptop as "Alienware Laptop, Model P4sF, Serial Number 451PM32".   The correct model number is Model P42F.  (MJ Dkt. 4 Declaration of Agent Elizabeth Hadley No. 9(a)). The model number is incorrect each time it is listed in the Magistrate's Order.

### IV.    Court Failed To Find Relief Was Necessary and Appropriate as Required by The All Writs Act

The Order failed to address whether relief under the All Writs Act was necessary or appropriate.   Federal courts may issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. §1651(a).  Mr. Spencer raised the issue of necessary or appropriate in his response to the government's request under the All Writs Act.  (MJ Dkt. 14).  The court did not determine whether the FBI had other means to access the devices that would not require intruding on Mr. Spencer's rights.  Forcing Mr. Spencer to decrypt is simply the shortest

distance between two points.  Once the evidence is made available, there is no adequate remedy for Mr. Spencer to regain his rights and protections under the Fifth Amendment.

In response to footnote 8, p. 8 of the Order, Defendant did not actually concede the All Writs Act was the appropriate vehicle as counsel was answering a different question. Mr. Spencer has never conceded the relief was necessary or appropriate and wants the record very clear he is not conceding any issue related the All Writs Act.  The court held the request was proper under the All Writs Act, not that the need for relief was necessary or appropriate.

THE COURT: So the court will waive his presence at the hearing, which is, in any event, about a search warrant, although he is a party in interest, an interested party with the search warrant.

So this is – the government is seeking under the All Writs Act an order compelling Mr. Spencer to decrypt, I guess is the word, three devices; the iPhone 7, the transcend 1 TB external hard drive, and the Alienware laptop.

I understand Mr. Spencer is opposing the order on the grounds of his Fifth Amendment privilege against self-incrimination.

MS. DORVALL (Counsel for Mr. Spencer):  Yes, your Honor.

THE COURT:  Okay.  So I do believe an All Writs Act order here would be appropriate, just in terms of the All Writs Act.  There isn't any other statute that applies.  The encryption and the refusal to decrypt is

interfering with the court's search warrant, so I don't believe you really oppose that so much.

MS. DORVALL:  The refusal to decrypt –

THE COURT:  Well the All Writs Act is an appropriate vehicle.   There's the separate issue of the Fifth Amendment.

MS. DORVALL:  Yes.   [Responding to there being a separate issue of the Fifth Amendment, not conceding the All Writs Act was appropriate].

THE COURT:  Anyway, I find that's appropriate.  (Hearing Transcript p. 2-3).

The court skipped this step and went straight to the issue of foregone conclusion. The government has failed to prove, and the court failed to find the very basis of jurisdiction for relief under the All Writs Act: that such relief is necessary or appropriate.  The issuance of such a writ would be not be agreeable to the usages and principles of law as it would abrogate Mr. Spencer's Fifth Amendment rights. Therefore, the government is not entitled to relief under the Act and the Order should be set aside or reversed.

Any action taken under the All Writs Act must be as follows:

1.   Issuance of the write must be "in aid of" the issuing court's jurisdiction;

2.   the type of writ requested must be "necessary or appropriate" to provide such aid to the issuing court's jurisdiction; and

3.   the issuance of the writ must be "agreeable to the usages and principles of law." *In re Apple, Inc.*, 149 F.Supp. 3d 341, 350 (E.D.N.Y. 2016).

In addition to the language found directly in the statute, the court also found three additional requirements created in case law over the years of the interpretation of the All Writs Act.

> A court deciding whether to take such discretionary action should consider three additional factors:
>
> 1. the closeness of the relationship between the person or entity to whom the proposed writ is directed and the matter over which the court has jurisdiction;
>
> 2. the reasonableness of the burden to be imposed on the writ's subject; and
>
> 3. the necessity of the **requested** writ to aid the court's jurisdiction (which does replicate the second statutory element, despite the overlapping language).
>
> *See N.Y. Tel. Co.*, 434 U.S. at 174–78, 98 S.Ct. 364.

*In re Apple, Inc.*, 149 F.Supp. 3d 341, 351 (E.D.N.Y. 2016).

The court declined to issue a writ in *In re Apple, Inc.* because it felt the writ was not agreeable to the usages and principles of law as the government was attempting to force Apple to act as its agent where Congress had directly declined to do so.  *Id* at 363.

The burden on Mr. Spencer is unreasonable because it would force him to aid the government in creating evidence against himself and would establish elements of the underlying crimes by definitively testifying "that he, as opposed to some other person,

placed the contents on the hard drive, encrypted the contents, and could retrieve and examine them whenever he wished." *In re Grand Jury Subp. Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1339–40 (11th Cir. 2012).

Recent reports demonstrate the FBI is failing to exhaust every option with decryption before turning to courts in an attempt to force decryption.   Stephen Nellis, *Lawmakers question FBI over San Bernardino suit against Apple*, Reuters (April 13, 2018).

The Order failed to specifically find a necessity for the requested writ and therefore it is unauthorized under the All Writs Act.  That failure is fatal to the request and it must therefore be reversed.

## V.    Ordering Mr. Spencer to Decrypt Would Require the Contents Of His Mind Making the Action Testimonial and Protected By the Fifth Amendment

The Self-Incrimination Clause of the Fifth Amendment of the United States Constitution states that "no person ... shall be compelled in any criminal case to be a witness against himself" and the government is attempting to circumvent the Fifth Amendment by seeking a writ to force Mr. Spencer to decrypt seized devices.  *U.S. Const. amend*. V.

The Order incorrectly framed the critical question as: "whether the testimony inherings in Mr. Spencer's act of production is a foregone conclusion such that ordering him to decrypt the at-issue devices would not implicate the Fifth Amendment."  (MJ

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/  3:17-CR-00259

Dkt. 20, p. 8, ln 9-12).   In response to this question the court found that it was a foregone conclusion that Mr. Spencer knows the passwords and can produce the devices in an unencrypted state.  (MJ Dkt. 20, p. 11-14).  This ruling misapplies and misapprehends the law regarding the Fifth Amendment and the foregone conclusion doctrine.  This very issue was reviewed and addressed by the Eleventh Circuit "[t]he crux of the dispute here is whether the Government sought "testimony" within the meaning of the Fifth Amendment" by forcing a defendant to decrypt his hard drives in a child pornography investigation.  *In re Grand Jury Subp. Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1342 (11th Cir. 2012).

In the case of *In re Grand Jury Subp. Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1349 (11th Cir. 2012), the Eleventh Circuit confronted the scope of Fifth Amendment protection in the context of compelled decryption in a child pornography case, and concluded that the suspect's refusal to decrypt various digital media seized pursuant to a search warrant was conduct protected under the right against self-incrimination.  That defendant was found in a hotel room linked to him with multiple electronic devices associated with child pornography through YouTube accounts and IP addresses.  In reaching this conclusion, the Court of Appeals reversed the District Court and found that it erred when it held that the requested decryption and production of hard drives was not testimonial. *Id.* at 1341.

As the Eleventh Circuit explained "[w]hether the drives' contents are testimonial, however, is not the issue. What is at issue is whether the *act of production* may have

8

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/  3:17-CR-00259

some testimonial quality sufficient to trigger Fifth Amendment protection when the production explicitly or implicitly conveys some statement of fact. *See Fisher v. U.S.,* 425 U.S. 391, 410, 96 S.Ct. 1569, 1581, 48 L.Ed.2d 39 (1976)."  *In re Grand Jury Subp. Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1342 (11th Cir. 2012).

The Eleventh Circuit found the files themselves were not testimonial and Mr. Spencer does not argue the potential files themselves are testimonial.   Mr. Spencer argues the act of producing the potential files is testimonial.   Mr. Spencer is not conceding whether the electronic devices at issue contain files.  The Eleventh Circuit found the testimonial aspects were whether "by decrypting the contents, he would be testifying that he, as opposed to some other person, placed the contents on the hard drive, encrypted the contents, and could retrieve and examine them whenever he wished." *In re Grand Jury Subp. Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1339–40 (11th Cir. 2012).  The issue is not simply whether a defendant knows the password but what imputing the password implies or testifies to on his behalf.

The Supreme Court has often used a particularly simple distinction in determining a testimonial versus non-testimonial action: the difference between handing over the key for a manual lock and divulging the sequence of numbers for a combination lock.  *U.S. vs. Hubbell*, 530 U.S. 27, 43 (2000). The former is not testimonial while the latter is. *Id.*; *see also U.S. v. Green*, 272 F.3d 748, 753 (5th Cir. 2001) (holding suspect's opening of combination locks, and consequent revelation of unlawfully possessed firearms, to be testimonial because under Supreme Court

precedent "this precise behavior was testimonial communication so expressing the

defendant's mind as to constitute compelled [self-incrimination]" *see also U.S. v.*

*Kirschner*, 823 F. Supp. 2d 665, 669 (E.D. Mich. 2010).

"The touchstone of whether an act of production is testimonial is whether the

government compels the individual to use "the contents of his own mind" to explicitly or

implicitly communicate some statement of fact. *Curcio v. U.S.,* 354 U.S. 118, 128, 77

S.Ct. 1145, 1151, 1 L.Ed.2d 1225 (1957)" *In re Grand Jury Subp. Duces Tecum Dated*

*March 25, 2011*, 670 F.3d 1335, 1345 (11th Cir. 2012).

The issue in *Curcio* was whether the custodian of a union's books and records

may, on the ground of his Fifth Amendment privilege against self-incrimination, refuse

to answer questions asked by a federal grand jury as to the whereabouts of such books

and records which he has not produced pursuant to subpoena.  The official had no

standing to invoke the privilege with regard to the documents themselves — as the

records' custodian, he was required to turn them over even if in doing so he incriminated

himself. *Curcio*, 354 U.S. at 119, 122. But the Court unanimously concluded he could

not be compelled to answer questions about the location of missing documents.  The

court held "forcing the custodian to testify orally as to the whereabouts of non-produced

records requires him to disclose the contents of his own mind. He might be compelled to

convict himself out of his own mouth. That is contrary to the spirit and letter of the Fifth

Amendment." *Curcio v. U.S.*, 354 U.S. 118, 128 (1957).  The Order is attempting to

convict Mr. Spencer with the contents of his own mind though compelled decryption.

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/ 3:17-CR-00259

We hold that the act of Doe's decryption and production of the contents of the hard drives would sufficiently implicate the Fifth Amendment privilege. We reach this holding by concluding that (1) Doe's decryption and production of the contents of the drives would be testimonial, not merely a physical act; and (2) the explicit and implicit factual communications associated with the decryption and production are not foregone conclusions.

First, the decryption and production of the hard drives would require the use of the contents of Doe's mind and could not be fairly characterized as a physical act that would be nontestimonial in nature. We conclude that the decryption and production would be tantamount to testimony by Doe of his knowledge of the existence and location of potentially incriminating files; of his possession, control, and access to the encrypted portions of the drives; and of his capability to decrypt the files.

*In re Grand Jury Subp. Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1346 (11th Cir. 2012)

The same result is reached in this case as the government is attempting to force Mr. Spencer to decrypt electronic devices to aid in their prosecution of him for the very contents of those devices.   The decryption and production of the devices would be testimonial and within the protection of the Fifth Amendment.

## VI.    Court Misapplied the Foregone Conclusion Doctrine

The Order focuses on whether it is a foregone conclusion that Mr. Spencer is aware of the passwords to the devices which is a misapprehension of substantive law and the incorrect legal standard.

The court likened the decrypting of the devices to giving the FBI a key to a lock box arguing that forcing him to enter passwords was not making him use the contents of his mind.  Although the court stated the "the reason decryption is different from a key is because it's in your head and you have to do something."  (MJ Dkt. 22 p. 13 ln 4-6.).

> Requiring Doe to use a decryption password is most certainly more akin to requiring the production of a combination because both demand the use of the contents of the mind, and the production is accompanied by the implied factual statements noted above that could prove to be incriminatory. *See Hubbell*, 530 U.S. at 43, 120 S.Ct. at 2047. Hence, we conclude that what the Government seeks to compel in this case, the decryption and production of the contents of the hard drives, is testimonial in character.

*In re Grand Jury Subp. Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1346 (11th Cir. 2012).

The Magistrate's Order creates an entirely new and unconstitutional test that essentially holds that if the government can show with reasonable particularity that a defendant knows something, he no longer has the right to refuse to testify about whatever the government wants to know.  Under that test, if the government had information that a person likely committed murder the defendant would be forced to take them to the location of the body and murder weapon and failure to do so would subject him to the additional criminal penalties adhering to a contempt conviction.

The issue is not whether Mr. Spencer knows the encryption passwords but rather, whether he should be compelled to reveal those passwords despite his Fifth Amendment right to be protected from being forced to give testimony against himself.

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/  3:17-CR-00259

"It reflects many of our fundamental values and most noble aspirations: our unwillingness to subject those suspected of crime to the cruel trilemma of self-accusation, perjury or contempt." *Murphy v. Waterfront Commn. of New York Harbor*, 378 U.S. 52, 55 (1964), *abrogated by U.S. v. Balsys*, 524 U.S. 666 on other grounds (1998). *Fisher* and *Hubbell* make clear that the act-of-production doctrine applies strictly when the government seeks specifically identified files. The act of decryption is not the same thing at all. It does not involve turning over specific files, but revealing *all* of the contents of a smart phone, hard drive, or other digital device. Here, the government is demanding the passcodes so that it can unscramble every last bit of data.

The foregone conclusion is an exception to the Fifth Amendment, not an application of it.  It is clearly erroneous and contrary to law to declare that because the government believes Mr. Spencer knows the passwords to the devices that he should be required to use the contents of his mind to decrypt his devices and thereby proving several elements of the government's case against him.  There is no precedent supporting such a test and it is both contrary to over 200 years of legal precedent and in direct conflict with the protections afforded under the Bill of Rights.

The Government concedes that forcing Mr. Spencer to decrypt his devices would be testimonial but argues that the contents are a foregone conclusion and are therefore exempted from Fifth Amendment protections.  However, the evidence the government is using to attempt to demonstrate a foregone conclusion is information they already have access to via the unlocked Apple iPhone 7.   The government is relying on the Kik

13

messages obtained from Mr. Petersen's phone.   The government has stated they possess Mr. Spencer's iPhone 7 in an unlocked state and thus can access the Kik messenger application at this time without any additional assistance from Mr. Spencer.  *Gov't Mot. to Decrypt*, p.18, ln. 9-10. What they are really seeking access to an entirely different application the contents of which are completely unknown to them.   The government is seeking access to "Secret Folder & Photo Video Vault Pro".  Mr. Petersen provided no testimony as to the contents of that folder or the name of the folder.  Mr. Spencer's phone came loaded with photo storage software as is standard on an iPhone so Mr. Petersen's affidavit failed to demonstrate any knowledge or information about the existence of the application let alone its potential contents.   The government failed to prove they knew of the existence or possession of that application.

When, as here, an act of production implies testimonial facts (such as possession and control), the government can compel a suspect to surrender the information *only if* those facts are a "foregone conclusion" already known to the government.  *See Hubbell*, 530 U.S. at 44. The foregone conclusion analysis depends upon whether, prior to the compelled production, the government could have described the pertinent facts "with reasonable particularity." *Id.* at 30; *see also U.S. v. Ponds*, 454 F.3d 313, 320 (D.C. Cir. 2006) (holding government must prove prior knowledge of pertinent facts with "reasonable particularity" to establish "foregone conclusion").

A foregone conclusion exists only when the resulting production "adds little or nothing to the sum total of the Government's information." *Fisher*, 425 U.S. at 411. For

14

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/  3:17-CR-00259

example, the government could not meet this burden in *Hubbell*, 530 U.S. at 44-45, because it had "no prior knowledge of either the existence or whereabouts" (and thus did not have sufficient evidence of possession) of the thousands of pages produced by the suspect in response to a subpoena. On the other hand, in *Fisher*, a foregone conclusion was found because the government knew that the subpoenaed documents were in the defendants' attorneys' possession and the government could independently confirm their existence and authenticity through the accountants who created them without relying on the defendant. 425 U.S. at 411.

Magistrate Corley determined that forcing Mr. Spencer to decrypt his devices would "add little to nothing to the sum total of the Government's Information" citing *Fisher v. U.S.*, 425 U.S. 391, 411 (1976).   That determination is clearly erroneous as shown by the government's adding one count of Production of Child Pornography-18 U.S.C. §2251(a) to the co-defendant Mr. Petersen after he decrypted his devices for the FBI. (Dkt 46 – Information filed July 25, 2017 against Bryan Petersen).   This charge carries a mandatory minimum of 15 year and a maximum term of 30 years in prison making it the most serious offense charged against Mr. Petersen.   (Dkt. 46- Indictment of Bryan Petersen).   Mr. Spencer is NOT charged with Production of Child Pornography at this time. (Dkt. 29- Indictment).  Adding the charge to Mr. Petersen once his devices were decrypted proves that it is clearly erroneous to suggest that decryption would "add little to nothing to the sum total of the Government's Information".  The government

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/  3:17-CR-00259

does not have any evidence to charge Mr. Spencer with Production without his assistance in decrypting his devices.

With respect to the alternative testimonial basis of compelled decryption, two Courts of Appeals have considered this issue.  *U.S. v. Apple Macpro Computer*, 851 F.3d 238 (3d Cir. 2017); *In re Grand Jury Subp. Duces Tecum Dated March 25, 2011*, 670 F.3d 1335 (11th Cir. 2012).  Both opinions treat compelled decryption as a testimonial act triggering Fifth Amendment protection, and thus proceed to a foregone conclusion analysis in order to determine whether the government can force disclosure, despite the testimonial nature of the anticipated production.  *Apple Macpro*, 851 F.3d 238; *In re Grand Jury Subp. Dated March 25, 2011*, 670 F.3d at 1345-47.

The Third Circuit in *Apple Macpro* presented a foregone conclusion standard that focused on "whether the Government already knows the testimony that is implicit in the act of production," in that case that the particular suspect knew the password to access the encrypted hard drives. *Apple Macpro*, 851 F.3d at 249 n.7. The Third Circuit also held that no plain error was committed by the District Court in finding a foregone conclusion based upon the government's established knowledge of the contents of the hard drives.  It is also important to note the highly deferential standard of review applied in *Apple Macpro*.   The underlying issue was an appeal of a contempt order so the court was required to review for plain error only.  More importantly, the defendant in *Apple Macpro* forfeited his Fifth Amendment argument by failing to preserve it so the Third Circuit was not able fully address the issue making this precedent less than useful in our

current circumstance.  *Apple Macpro*, 851 F.3d 238 (2017).  Under more strict analysis

as would be necessary in this case, the result would likely be similar to *In re Grand Jury*

*Subp. Dated March 25, 2011.*

      An act can be testimonial even if the disclosure itself is not incriminating ("I

possess or control this digital device"), but rather produces incriminating evidence (there

is incriminating evidence on the device).  *Hubbell*, 530 U.S. at 37-38.  The holding in

*Hubbell*, a binding United States Supreme case, is in direct contrast to the mere dicta

footnote out of the Third Circuit in *Apple Macbook Pro* that Magistrate Corley relied on

in her Order which demonstrates a clear failure to "apply the correct legal standard"; (2)

"misapprehended the underlying substantive law".  (MJ Dkt 20, p. 11, ln 3-7).  The

footnote read as follows:

> It is important to note that we are not concluding that the
> Government's knowledge of the content of the devices is
> necessarily the correct focus of the "foregone conclusion"
> inquiry in the context of a compelled decryption order. Instead,
> a very sound argument can be made that the foregone
> conclusion doctrine properly focuses on whether the
> Government already knows the testimony that is implicit in the
> act of production. In this case, the fact known to the
> government that is implicit in the act of providing the password
> for the devices is "I, John Doe, know the password for these
> devices." Based upon the testimony presented at the contempt
> proceeding, that fact is a foregone conclusion. However,
> because our review is limited to plain error, and no plain error
> was committed by the District Court in finding that the
> Government established that the contents of the encrypted hard
> drives are known to it, we need not decide here that the inquiry
> can be limited to the question of whether Doe's knowledge of
> the password itself is sufficient to support application of the

17

foregone                  conclusion                  doctrine.

*U.S. v. Apple MacPro Computer*, 851 F.3d 238, 248, n. 7 (3d Cir. 2017).

The issue is not whether Mr. Spencer knows the encryption passwords but rather, whether he should be compelled to reveal those passwords despite his Fifth Amendment right to be protected from being forced to give testimony against himself. Forcing Mr. Spencer to choose between testifying against himself or subjecting himself to additional charges and penalties is the cruel trilemma courts warned would occur. The government is not merely seeking the production of evidence.   They already have the evidence as they have the iPhone, laptop and external hard drive in their custody. The government is seeking testimony in the form of the contents of Mr. Spencer's mind.

> The facts in *Couch* and *Fisher* were similar: subpoenas seeking taxpayers' records were directed at the taxpayers' accountant and attorney, respectively, in whose possession the records were kept. In holding that the taxpayers could not use the Fifth Amendment to protect the records, the Court emphasized that the privilege is *personal* to the accused and the taxpayers were not personally compelled by the subpoenas to do anything. Since the records were sought from the third-party accountant and the third-party attorney, "the ingredient of personal compulsion against an accused is lacking." *Couch [v. U.S.],* 409 U.S. [322] at 329, 93 S.Ct. at 616, 334 L.Ed.2d at 554; *Fisher,* 425 U.S. at 397, 96 S.Ct. at 1574, 48 L.Ed.2d at 48.

> *In re Grand Jury Subpoena (Maltby)* 800 F.2d 981, 983 (9th Cir. 1986).

"It has, however, long been settled that [the Fifth Amendment's] protection encompasses compelled statements that lead to the discovery of incriminating evidence

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/  3:17-CR-00259

18

even though the statements themselves are not incriminating....Compelled testimony that communicates information that may 'lead to incriminating evidence' is privileged even if the information itself is not inculpatory." *U.S. v. Hubbell*, 530 U.S. 27, 37-38, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000).

## VII.   <u>Government Failed to Prove Reasonable Particularity</u>

There was no evidence in the government's application or at the hearing to show that the government or co-defendant Bryan Petersen has actual knowledge of the contents of the iPhone app, the laptop or the external hard drive.   The government is guessing or assuming the items contain child pornography but the data could be anything from school work as Mr. Spencer is a college student to family photographs.   Mr. Spencer also took semi-professional photographs as a side work to help defray the costs of college.

The Government must <u>know</u>, and not merely <u>infer</u>, that the sought documents exist, that they are under the control of defendant, and that they are authentic. *Oct. 29*, 1 F.3d at 93 )) [*In re Grand Jury Subp. Duces Tecum Dated Oct. 29, 1992*, 1 F.3d 87 (2d Cir. 1993)]  (requiring Government to establish "with reasonable particularity that it <u>knows</u> of the existence and location of subpoenaed documents". *U.S. v. Greenfield*, 831 F.3d 106, 116 (2d Cir. 2016).

Bryan Petersen met with Mr. Spencer in fall of 2016.  (P. 2 ln 16, no. 14- declaration of Bryan Petersen)   Mr. Spencer was arrested several months later in April 2017. Petersen's information was stale at that point and there is no way the government can

know what or how Mr. Spencer used the electronics at issue during that time.   "We find no support in the record for the conclusion that the Government, at the time it sought to compel production, knew to any degree of particularity what, if anything, was hidden behind the encrypted wall." *In re Grand Jury Subp. Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1349 (11th Cir. 2012).

### A. Apple iPhone

Bryan Petersen did not see any actual applications used on Mr. Spencer's phone.  He claims to have seen the phone connected to a laptop and a file transfer occur but cannot say which laptop or what files were transferred.  (Bryan Petersen- p. 2, no. 15, ln 23-25). The only information the FBI has about the Secret Photo and Video application is the size at time of download and current memory.  They have information about volume of information, not contents.   The government is requesting a broad category of information without more particular information as to what they believe is on the drive beyond potential child pornography.  It is worth noting that a second iPhone was seized during the search and placed into evidence.  The co-defendant did not identify a make or model on the iPhone he viewed.

The Order states "Finally, even as the government bears the burden of production, the Court notes that Mr. Spencer does not dispute his ability to access the "Secret Folder" application.  Nor does Mr. Spencer dispute knowledge of the encryption passwords as to any devices, or his ownership more generally.  In light of the foregoing, the government has shown with reasonable particularity that it is a foregone conclusion

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/ 3:17-CR-00259

that Mr. Spencer knows the password such that he can fully-decrypt the at-issue iPhone 7, inclusive of the "Secret Folder" application."  (MJ Dkt. 20, p. 12, lns 5-11).

This is completely factually incorrect.   Mr. Spencer disputes the conclusion that he knows the passwords at issue.  He only conceded that they were found in his room.  (MJ Dkt. 22, p. 5).

Mr. Spencer, through counsel, disputed knowledge at the hearing on the Order.

> MS. DORVALL:  At this point, I don't believe that is a given, and part of the reason for that is when the FBI interviewed him, he indicated that he could not remember the passcode for his iPhone.   He had to use, I believe, his thumb to decrypt it.  And now that time has passed – even at the time they executed the search warrant, he had no password.  (MJ Dkt 22 Transcripts p. 6, ln 21-25)
>
> THE COURT:   Well, that's a different issue, right?  That would, I suppose come up later in a contempt proceeding --
>
> MS. DORVALL:  Yes.
>
> THE COURT:  -- If he claimed to not be able to remember.   But what we are concerned here is what is the testimonial aspect.   (MJ Dkt 22 p. 7, ln 1-8).

The finding of reasonable particularity based on the mistaken belief that Mr. Spencer was conceding either he knew the passwords or owned the devices is clearly erroneous.

**B. Alienware Laptop**

Bryan Petersen was not able to identify which laptop he saw Mr. Spencer use and could only describe it as black.   Petersen did not see Mr. Spencer pull up pornography from the encrypted hard drive on the laptop.

> 16. During the same visit, I saw Spencer plug his Transcend 1 TB external hard drive into a black laptop and type in his encryption password from memory so that we could view child pornography stored on the ***external hard drive***.  [emphasis added].  I could tell from the screen on which Spencer entered his encryption password that his external hard drive, like the one he had given to me, had been encrypted using VeraCrypt.  I distinctly remember seeing Spencer entered the encryption password from memory, because I recall watching his fingers as he typed and noticing that the encryption password appeared to incorporate the first name of a boy for whom Spencer claimed to have feelings, as well as a sequence of numbers.  I watched the screen as Spencer routed to a folder on the external hard drive to access child pornography, which we then viewed.

> 17. During the same visit, I watched as Spencer navigated to a "dark web" site called Boytraders, accessed links containing child pornography, and downloaded the child pornography to the Transcend external hard drive.  (Petersen declaration, p. 2-3).

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/  3:17-CR-00259

At no point in his declaration does Petersen reference viewing files pulled up directly from the encrypted hard drive on the black laptop.  The government is currently in possession of both the black Alienware laptop and the black Lenovo laptop.  The government seized the laptops months after Bryan Petersen visited Mr. Spencer.  Mr. Petersen has no information or knowledge as to which laptop he saw or anything Mr. Spencer may have done concerning his laptops, iPhones or hard drives in those several months including disposing of them or changing them.  Simply because there was no longer a hard drive in the black Lenovo laptop does not mean it was not in working order when Bryan Petersen visited Mr. Spencer and it is possible the Lenovo laptop contained encrypted partitions as well.

> In short, the Government physically possesses the media devices, but it does not know what, if anything, is held on the encrypted drives.  Along the same lines, we are not persuaded by the suggestion that simply because the devices were encrypted necessarily means that Doe was trying to hide something. Just as a vault is capable of storing mountains of incriminating documents, that alone does not mean that it contains incriminating documents, or anything at all.

*In re Grand Jury Subp. Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1347 (11th Cir. 2012)

## C. Transcend External Hard Drive

The government cannot demonstrate with any particularity anything about the contents of the external hard drive besides volume.   They have no information as to whether that volume is from school work or other projects.  The government is asking to

force Mr. Spencer to decrypt a device with no more information than they believe it contains contraband.   This broad categorization is as narrow as they can approach.

> Case law from the Supreme Court does not demand that the Government identify exactly the documents it seeks, but it does require some specificity in its requests—categorical requests for documents the Government anticipates are likely to exist simply will not suffice. *See Hubbell,* 530 U.S. at 45, 120 S.Ct. at 2048 ("The Government cannot cure this [lack of prior knowledge] through the over broad argument that a businessman such as respondent will always possess general business and tax records that fall within the broad categories described in this subpoena."); *Doe,* 465 U.S. at 613–14 & nn. 11–13, 104 S.Ct. at 1242–43 & nn. 11–13 (holding that the act of producing vast categories of records was privileged under the Fifth Amendment and could not be compelled absent a grant                    of                    immunity).

*In re Grand Jury Subp. Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1347–48 (11th Cir. 2012)

### VIII.  Co-Defendant In This Case Cannot Be Basis For Stripping Mr. Spencer's Fifth Amendment Rights

According to the Declaration of Bryan Petersen, he claims that he began exchanging child pornography with Mr. Spencer in 2011 which would have made Mr. Spencer a juvenile.   Mr. Spencer has been charged in count 1 and 7 of the Indictment for conduct "[B]eginning on a date unknown" so Mr. Spencer may have been a juvenile during the time for which is he is charged.   Mr. Petersen is five years older than Mr. Spencer was always over 18 in their interactions.   As the adult in the relationship, he was able to manipulate and control Mr. Spencer.   Mr. Petersen is a known chess

prodigy going by the handle "Jeenious Chess" and is simply continuing to play with

Mr. Spencer's life by aiding the government in a manner that minimizes his own

conduct and punishes his victim.   Mr. Petersen came into Mr. Spencer's life before

Ryan could even legally drive when he was confused and vulnerable.   He used Ryan's

confusion to his advantage by soliciting and receiving naked photos of Mr. Spencer and

convincing Ryan that Mr. Petersen loved and cared for him.   Mr. Petersen is both

legally and morally the aggressor towards Mr. Spencer.

> The true danger inherent in this type of hearsay is, in fact, its selective reliability. As we have consistently recognized, a codefendant's confession is presumptively unreliable as to the passages detailing the defendant's conduct or culpability because those passages may well be the product of the codefendant's desire to shift or spread blame, curry favor, avenge himself, or divert attention to another.

*Lee v. Illinois*, 476 U.S. 530, 545 (1986).

The proscription against the use of co-defendant's statements is in criminal

prosecutions, not trials.  The use of a self-interest, not-cross examined statement by

predator co-defendant like Mr. Petersen to force Mr. Spencer to abandon his own rights

strikes at the very heart of the protections afforded under the Bill of Rights.  The

government is providing platform for Mr. Petersen's continued victimization of Mr.

Spencer defies the all logic and offends the very notion of justice.

## IX.    Conclusion

The All Writs Act requires the writ be "necessary and appropriate" before the

court can order relief.  The government has only given vague details about attempts to

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/  3:17-CR-00259

decrypt and have made no attempt for third party intervention from the software manufacturer.   They are attempting to use the "foregone conclusion" doctrine to circumvent the Fifth Amendment and take the path of least resistance by forcing Mr. Spencer to be a witness against himself.  The information they seek would be compelled, incriminating and testimonial and therefore implicates the protections of the Fifth Amendment.  The evidence argued to create a foregone conclusion is vague at best and provided by a self-interested co-defendant.  The government seeks complete entry into all digital aspects of Mr. Spencer's life despite already having access to the information they say they need.   The government is relying on a presumptively unreliable co-defendant who victimized Mr. Spencer and continues to do so by attempting to force Mr. Spencer to abandon his rights.

The protections offered under the Constitution are there for the protection of all and should not be so easily sidestepped.   The Order is clearly erroneous and contrary to substantive law and should therefore be set aside.


Dated this 16th of April, 2018.


/s/ Shannon M. Dorvall
Shannon M. Dorvall
Attorney for Ryan Michael Spencer

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/  3:17-CR-00259

## DECLARATION AND PROOF OF SERVICE

I declare:  I am over eighteen years of age, a resident of Los Angeles County, California and not a party to the within action.  My address is 12424 Wilshire Blvd, Ste. 700, Los Angeles, CA.  I am familiar with the business practices at our office for collecting and processing electronic and physical correspondence.  In accordance with that practice, correspondence place in the internal mail collection system at Imhoff and Associates is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business

On the date referenced below, I electronically served the attached DEFENDANT'S RESPONSE TO GOVERNMENT APPLICATION UNDER ALLWRITS ACT by transmitting a true copy via EMAIL to AUSA Julie Garcia.

By electronic service via email copy of the motion to:

Department of Justice
United States Attorney's Office
Northern District of California
Julie Garcia, AUSA
Julie.Garcia@usdoj.gov

I DECLARE UNDER PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct.  Executed at LOS ANGELES, CALIFORNIA.

Date:  April 16, 2018                    ____/s/ Shannon M. Dorvall-Chin____
                                         SHANNON M. DORVALL-CHIN