1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  JULIE D. GARCIA (CABN 288624)
   JONAS LERMAN (CABN 274733)
5  Assistant United States Attorneys

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-6758
        Fax: (415) 436-7234
8       Julie.Garcia@usdoj.gov
        Jonas.Lerman@usdoj.gov
9
   Attorneys for United States of America
10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                        SAN FRANCISCO DIVISION
13

14  UNITED STATES OF AMERICA,              )   CASE NO. CR 17-259 CRB-2
                                           )
15          Plaintiff,                     )   UNITED STATES' NOTICE OF MOTION AND
                                           )   MOTION FOR ORDER TO SHOW CAUSE
16      v.                                 )   WHY DEFENDANT RYAN MICHAEL
                                           )   SPENCER SHOULD NOT BE HELD IN CIVIL
17  RYAN MICHAEL SPENCER,                  )   CONTEMPT
                                           )
18          Defendant                      )   Date: TBD
                                           )   Court: Hon. Charles R. Breyer
19  _____)

The United States moves this Court for an order to show cause why defendant Ryan Michael Spencer should not be held in civil contempt for refusing to comply with the Court's orders requiring him to decrypt three electronic devices seized from his residence under a valid search warrant.  Because Spencer's refusal to comply with the Court's orders involves no disputed factual issues, no evidentiary hearing is necessary.  Spencer refuses to comply with the Court's orders on purportedly legal grounds.  If a motion hearing is necessary, the United States asks the Court to schedule it as soon as possible.

## BACKGROUND

On March 20, 2018, the Honorable United States Magistrate Judge Jacqueline Scott Corley issued an order under the All Writs Act compelling defendant Spencer to decrypt three electronic devices seized from his residence pursuant to a federal search warrant.  Case No. 17-MJ-70656, Dkt. 20.  The Magistrate Judge Corley's order gave Spencer 14 days to file objections with this Court.  *Id.*  However, Spencer moved for and received an additional 14-day extension, filing objections on April 16, 2018.  Case No. CR 17-259 CRB, Dkt. 72.

On April 26, 2018, this Court issued an order denying defendant Spencer's motion for relief from Magistrate Judge Corley's order.  Dkt. 83 ("Decryption Order").

On May 1, 2018, the Court ordered Spencer to decrypt the electronic devices on May 1, 2018, or on a date within seven days thereafter agreed to by the government and the United States Marshals Service.  Dkt. 85 ("Enforcement Order").

Immediately after receiving this Court's Enforcement Order, government counsel informed defense counsel that it was too late for the United States Marshals Service to transport Spencer on May 1, 2018, and proposed that Spencer instead be brought to the FBI's office on Thursday, May 3, 2018.  Defense counsel responded by email: "Do you need him [Spencer] to decline directly to the Marshals or is through counsel sufficient?"  Lerman Decl., Ex. A at 9.

Government counsel asked defense counsel to confirm that Spencer was refusing to comply with the Court's orders.  *Id.* at 8–9.  The next day, defense counsel responded via email, professing the belief that the Decryption Order "granted use of production immunity to Mr. Spencer" as well as "derivative use" immunity, precluding the government from using the contents of the devices against Spencer.  *Id.*

at 6. Defense counsel represented that "[i]f Mr. Spencer has immunity for both the act of production and the contents or derivative use, **he will decrypt his devices**." *Id.* (emphasis added).

Defense counsel asked for the government's "position on immunity." *Id.* Government counsel pointed out that the Decryption Order "prevents the government from using evidence of the fact that Mr. Spencer decrypted the devices," but that the Order "did not grant full derivative-use immunity." *Id.* at 5. Government counsel explained that the government "intend[s] to use the contents of the decrypted devices against Mr. Spencer." *Id.* Government counsel continued: "Please let me know as soon as possible which day Mr. Spencer will be coming in to decrypt the devices or whether he is refusing to comply with the Court's order." *Id.* Defense counsel did not reply.

Government counsel again emailed defense counsel, noting that because defense counsel had failed to reply to the government's prior inquiries, it was now too late to coordinate with the Marshals and FBI for a meeting the following day. *Id.* at 4–5. Government counsel once again asked defense counsel to "please let me know which date Mr. Spencer intends to come in." *Id.* at 4.

Defense counsel Christopher Parkhurst responded that he "can be available on May 7, Monday afternoon." *Id.* Government counsel said she was checking with FBI and would let the defense know whether that date and time worked. Government counsel continued: "To be clear, does the defendant intend to comply with the Court's order at that time?" *Id.* Defense counsel did not reply.

The next day, May 3, 2018, government counsel confirmed with defense counsel that a meeting on the afternoon of May 7 would work. *Id.* at 3. Government counsel stated that at the meeting, Spencer would be expected to decrypt the devices at issue, as required by the Court's orders. *Id.* Defense counsel confirmed his availability at the meeting but again did not say whether Spencer would decrypt the devices. *Id.* at 2. On May 4, 2018, government counsel again asked the defense whether Spencer intended to comply with the Court's Decryption Order. *Id.* at 1. Defense counsel responded: "I have to meet with Mr. Spencer first to review the order with him and cannot answer your question until my client has seen the order." *Id.*

On May 7, 2018—the parties' agreed-upon date for the decryption meeting—the United States Marshals Service transported Spencer from Glenn Dyer Jail to the Federal Building in Oakland,

MOT. FOR ORDER TO SHOW CAUSE RE: CONTEMPT
No. CR 17-259 CRB-2

2

California. There, the Marshals temporarily transferred custody to FBI agents, who then drove Spencer to the FBI's Oakland office. Lerman Decl. ¶ 4.

At approximately 2:00 p.m., defense counsel Christopher Parkhurst arrived at the FBI's office. He and Spencer then met privately in a conference room. Parkhurst eventually asked to speak with AUSA Jonas Lerman. AUSA Lerman entered the conference room with an FBI agent. Parkhurst told AUSA Lerman that Spencer would not comply with the Decryption Order. Parkhurst said that Spencer was "deferring" due to what Parkhurst claimed was "ambiguity" in the order. AUSA Lerman asked what about the order was ambiguous. Parkhurst cited "the Fourth and Fifth Amendments" and unspecified "caselaw," and claimed that the defense needed "clarification" from the Court about "immunity." Lerman Decl. ¶ 5.

In response, AUSA Lerman explained that the government had already addressed the "immunity" issue several days earlier in an email to defense counsel. Lerman Decl. ¶ 7; *see* Ex. A at 5. Parkhurst said that email represented just one AUSA's opinion. AUSA Lerman noted that the defense never responded to that email to challenge the government's position regarding immunity. AUSA Lerman also noted that if the defense thought the Court's Decryption Order was ambiguous, Parkhurst or his co-counsel Shannon Dorvall could have sought clarification from the Court before the May 7 decryption meeting. Parkhurst responded that he and Dorvall could not have sought such clarification from the Court before meeting with Spencer and discussing the Court's order with him. When AUSA Lerman pointed out that defense counsel could have met with Spencer before May 7, Parkhurst replied that he had been too busy to do so, that he is based in Sacramento, and that Dorvall is based in Southern California. Parkhurst also asserted that meeting with Spencer at Glenn Dyer Jail would have been inconvenient. Lerman Decl. ¶ 8.

AUSA Lerman informed Parkhurst and Spencer that the government would move the Court to hold Spencer in contempt for refusing to comply with the Decryption Order. Parkhurst said he understood. Lerman Decl. ¶ 9.

Arranging the May 7 meeting and transporting Spencer required the participation of a number of FBI agents and Deputy United States Marshals. Lerman Decl. ¶¶ 4, 9–10.

MOT. FOR ORDER TO SHOW CAUSE RE: CONTEMPT
No. CR 17-259 CRB-2

3

# LEGAL STANDARD

In moving for an order finding a defendant in civil contempt, the government bears "the burden to show (1) that [the defendant] violated [a] court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010) (internal quotation marks omitted). Once the government makes that showing, the burden shifts to the defendant to demonstrate why he was unable to comply. *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999); *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

But it is a "long-standing rule," recognized by both the Ninth Circuit and the Supreme Court, "that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy." *Ayres*, 166 F.3d at 995 (citation and internal quotation marks omitted); *accord Bright*, 596 F.3d at 694 ("When defending against a finding of contempt after an adversary enforcement proceeding, a taxpayer cannot relitigate the Fifth Amendment privilege or lack of custody or control." (citation omitted)).

Whereas criminal contempt is designed to punish, civil contempt sanctions—"'those penalties designed to compel future compliance with a court order'"—are "considered to be coercive and avoidable through obedience.'" *Ayres*, 166 F.3d at 995 (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994)); *see also United States v. Asay*, 614 F.2d 655, 659 (9th Cir. 1980) (contempt is civil where "the purpose of the relief is to compel the respondent to comply"). Thus, civil contempt "'may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required.'" *Ayres*, 166 F.3d at 995 (quoting *Bagwell*, 512 U.S. at 827).

"It does not matter what the intent of the appellants was when they disobeyed the court's order." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987). "Willfulness is not an element of civil contempt." *Asay*, 614 F.2d at 661 (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1948)).

//

//

MOT. FOR ORDER TO SHOW CAUSE RE: CONTEMPT
No. CR 17-259 CRB-2

4

# ARGUMENT

### A. Spencer has violated the Court's Decryption and Enforcement Orders beyond substantial compliance

"Ability to comply is the crucial inquiry" in the contempt analysis. *Ayres*, 166 F.3d at 994 (quoting *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996)). "A person fails to act as ordered by the court when he fails to take all reasonable steps within his power to insure compliance with the court's order." *In re Crystal Palace Gambling Hall*, 817 F.2d at 1365.

Spencer is able to comply with the Court's Decryption Order, yet he has refused to do so. His ability to comply is not in dispute. In fact, Spencer's counsel concedes that Spencer can decrypt the devices. *E.g.*, Lerman Decl., Ex. A at 6. Nor is there any dispute that Spencer refuses to decrypt the devices despite the Court's orders. The United States has therefore established by clear and convincing evidence that Spencer "violated" the Court's orders "beyond substantial compliance." *Bright*, 596 F.3d at 694 (internal quotation marks omitted); *see Ayres*, 166 F.3d at 994–95.

### B. The government has never offered Spencer any form of immunity

Spencer refuses to decrypt the three devices because he claims the Court's Decryption Order is "ambiguous" about the question of "immunity." *See* Lerman Decl. ¶¶ 5–8; Ex. A at 5–6. Spencer is wrong. No ambiguity exists. Only the government has the authority to immunize Spencer. The government has never asked the Court to immunize him, and has never offered Spencer any form of immunity in connection with this case. Lerman Decl. ¶ 11.

As Magistrate Judge Corley noted in her March 20, 2018, order compelling decryption of the devices, "the government has not sought a grant of immunity for Mr. Spencer." 17-MJ-70656-JSC, Dkt. 20 at 9. That remains true today. As Magistrate Judge Corley went on to explain: "Because the foregone conclusion doctrine applies, this Order does not reach the question of immunity." *Id.* at 9 n.9 (citing *United States v. Hubbell*, 530 U.S. 27, 45–46 (2000); *United States v. Doe*, 465 U.S. 605, 617 (1984)). This Court affirmed Magistrate Judge Corley's order as "correct in all respects." Dkt. 83 at 7.

Moreover, as this Court is aware, only the government can request statutory immunity, and only through a statutorily defined process. 18 U.S.C. § 6002–6003; *see, e.g.*, *United States v. Lipkis*, 770

F.2d 1447, 1450 (9th Cir. 1985). "Congress expressly left this decision exclusively to the Justice Department." *Doe*, 465 U.S. at 616–17; *see Pillsbury Co. v. Conboy*, 459 U.S. 248, 253–54 & n.11. The United States Attorney may request statutory immunity only with the "approval" of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or a designated Assistant or Deputy Assistant Attorney General. 18 U.S.C. § 6003(b); *see United States v. Plummer*, 941 F.2d 799, 802 (9th Cir. 1991). Without a request for immunity from the government that satisfies the statutory requirements, courts have no independent authority to grant such immunity. *See McCoy v. Comm'r of Internal Revenue*, 696 F.2d 1234, 1237 (9th Cir. 1982).

"In addition to statutory immunity, the government can also grant varying degrees of immunity in informal agreements with individuals." *United States v. Plummer*, 941 F.2d 799, 802 (9th Cir. 1991). As Spencer well knows, the government has never offered him any type of immunity—not statutory immunity, not informal immunity, and not any other form of immunity. Lerman Decl. ¶ 11. Because the government has never offered Spencer immunity, no immunity agreement exists. *See United States v. Irvine*, 756 F.2d 708, 710–11 (9th Cir. 1985) (immunity agreements are contractual in nature and analyzed using contract-law standards).

### C. Spencer's violation is not based on any good-faith and reasonable interpretation of the Court's Decryption Order

Given that the government has never sought to immunize Spencer in any way, and that binding precedent would preclude this Court from granting immunity on its own motion, Spencer has no good-faith, reasonable basis for refusing to comply with the Court's Decryption Order.

Indeed, the Decryption Order does not mention the word "immunity" at all. The Court did state that "[o]nce Spencer decrypts the devices, . . . the government may not make direct use of the evidence that he has done so," and that "[i]f it really is a foregone conclusion that he has the ability to do so, such that his decryption of the device is not testimonial, then the government of course should have no use for evidence of the act of production itself." Dkt. 83 at 6–7. At most, the Court's statement suggests that at trial, evidence that Spencer decrypted the devices may not be admissible. But nothing about the Court's Decryption Order purports to bar the government from using the contents of the electronic devices that

Spencer refuses to decrypt.  And again, the Decryption Order does not and cannot extend any form of immunity to Spencer, since the government has never offered or sought any immunity.

Accepting Spencer's contrary reading of the Decryption Order would lead to absurd results.  *Cf. Irvine*, 756 F.2d at 710 (immunity agreements must "be read as a whole and given a reasonable interpretation," and "not an interpretation that would produce absurd results").  Spencer's reading of the Decryption Order contravenes the order's purpose.  After all, the reason that the government applied for an All Writs Act decryption order was so that it could execute a valid search warrant, search Spencer's devices for evidence of child pornography and his sexual abuse of children, and use that evidence against him.

In any event, Spencer's legal arguments cannot excuse him from complying with this Court's orders.  *See Ayres*, 166 F.3d at 995 ("As the district court correctly recognized, Ayres's challenges to the validity of the summons and the enforcement order could not excuse his failure to comply.").  Contempt proceedings do not permit Spencer to reopen for reconsideration "the legal or factual basis of" the Court's Decryption Order or to relitigate "the original controversy"; instead, the "only issue open to [Spencer] in defending the contempt proceeding" is "to show inability to" comply with the Court's orders.  *Ayres*, 166 F.3d at 995 (quoting *United States v. Rylander*, 460 U.S. 752, 760 (1983)) (internal quotation marks omitted); *accord United States v. Apple MacPro Computer*, 851 F.3d 238, 246 (3d Cir. 2017) (rejecting defendant's argument "that his challenge to the contempt order entitles him to plenary consideration of the Fifth Amendment issue").  And as already shown, Spencer is able to comply with the Decryption Order—he simply refuses.  The Court should therefore hold him in civil contempt until he decrypts the three electronic devices at issue.

**D.     An evidentiary hearing is unnecessary because there is no dispute of fact**

The Ninth Circuit "has repeatedly held . . . that finding a party in civil contempt without a full-blown evidentiary hearing does not deny due process of law to a contemnor."  *Ayres*, 166 F.3d at 995 (collecting cases).  No evidentiary hearing is necessary here, because Spencer's contempt of this Court's orders presents no disputed issues of fact.  *See Thomas, Head and Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1458–59 (9th Cir. 1996) (upholding finding of civil contempt reached without a hearing,

MOT. FOR ORDER TO SHOW CAUSE RE: CONTEMPT
No. CR 17-259 CRB-2

based upon parties' briefing).  Spencer indisputably has the ability to comply with the Decryption Order, but he refuses to comply based solely on a legal theory.

To the extent a motion hearing is necessary to give Spencer an "opportunity to be heard" before this Court holds him in contempt, *see Ayres*, 166 F.3d at 995–96, the United States respectfully requests that the Court schedule that hearing as soon as possible.

## CONCLUSION

For the reasons stated, this Court should order Spencer to show cause why he should not be held in civil contempt.

DATED: May 8, 2018

Respectfully submitted,

ALEX G. TSE
Acting United States Attorney


_____/s/_____
JONAS LERMAN
JULIE D. GARCIA
Assistant United States Attorneys

MOT. FOR ORDER TO SHOW CAUSE RE: CONTEMPT
No. CR 17-259 CRB-2

8