Shannon M. Dorvall   CA SBN 241589
Imhoff & Associates, P.C.
12424 Wilshire Blvd., Ste 700
Los Angeles, CA  90025
Phone:  (310) 315-1100
Fax:  (310) 315-1152
shannondorvall@criminalattorney.com

Attorney for Ryan Michael Spencer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>RYAN MICHAEL SPENCER,<br><br>  Defendant. | Case No.: 3:17-cr-00259-CRB<br><br>RESPONSE TO ORDER TO SHOW CAUSE WHY DEFENDANT SPENCER SHOULD NOT BE HELD IN CONTEMPT |

   Defendant Ryan Michael Spencer was not in contempt of this Court's Order as the government has failed to prove the Mr. Spencer possesses the present ability to comply with the Court's order.  Contrary to the government's assertion, Mr. Spencer has never admitted to being able to decrypt the subject devices and has, from the date of his arrest, stated that he did not know the passwords to everything.

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/ 3:17-CR-00259

1

**BACKGROUND**

The defense acknowledges that AUSA Lerman is new to this case and is not privy to all of the communications between defense counsel and AUSA Julie Garcia. He was not a party to multiple phone calls between the parties in between email communication so when he states that the defense refused to reply, he was uninformed and incorrect. The replies were in the form of phone calls between messages so not every email had a written response. Dorvall-Chin Decl. ¶6.

Defense did not admit Mr. Spencer could decrypt his devices and did not intend any such admission with its email. The email was written in haste between court hearings and was missing the words "attempt to" decrypt. Dorvall-Chin Decl. ¶5. The government is taking one sentence in an email over a multitude of other court filings and clear specific statements made directly to Mr. Lerman after that email was sent where Mr. Spencer did not admit or deny the ability to decrypt the subject devices.

The government's motion ignored the statements made during the meeting the between Mr. Spencer, his counsel Mr. Parkhurst and the government where Mr. Parkhurst stated in Mr. Spencer's presence and on his behalf "Mr. Spencer is in receipt of Judge Breyer's Order commanding Mr. Spencer to decrypt specified devices for the government. However, after reviewing the order and discussing the matter with counsel, Mr. Spencer is unclear on the issue of the grant of immunity in Judge Breyer's Order. There is legal precedent suggesting that act of production immunity includes derivative use when granted to a criminal defendant. As Mr. Spencer is unclear as to

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/ 3:17-CR-00259

2

the extent of his immunity and asserting his Fourth and Fifth Amendment rights, Mr. Spencer is unwilling to attempt to decrypt the devices or admit or deny whether he possesses the ability to decrypt the subject devices at this time without a clarification about the grant of immunity for both act of production and derivative use." This meeting was videotaped and Mr. Spencer's statement through counsel can be reviewed. AUSA Lerman was present for that statement is and is well aware that Mr. Spencer did not admit to being able to decrypt the devices.   The government is taking an email out of context as there were multiple phone calls the same day as the email to which he was not a party between AUSA Garcia and defense counsel Dorvall.

     Defense counsel Dorvall stated repeatedly to AUSA Garcia that counsel needed to show Mr. Spencer the Judge Breyer's Order and discuss the matter with him in person before any representations could be made about his intentions or abilities.  This point was made very clear on the phone. Dorvall-Chin Decl. ¶3.  The email between AUSA Garcia and defense counsel was written in haste and was missing the words "attempt to" before decrypt. Dorvall-Chin Decl. ¶5.  This email exchange was between phone calls when defense counsel Dorvall explained to AUSA Garcia what she thought would happen but was clear that it needed to be discussed with Mr. Spencer before any representations could be made on his behalf. Dorvall-Chin Decl. ¶3. AUSA Lerman is aware that in person at the time appointed to meet regarding the decryption, Mr. Spencer through his counsel, did not admit to being able to decrypt the devices and any representations to the contrary are inaccurate and misleading.

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/ 3:17-CR-00259

3

In multiple filings before this Court and Magistrate Corley, defense has challenged the assumption that Mr. Spencer is able to decrypt the devices.   (Dkt.73- Objection to Magistrate Order; Magistrate Dkt. 14- Defendant's Response to All Writs Act Request, Magistrate Dkt. 22- Transcript of Proceedings from Hearing on March 1, 2018).   One inarticulate line in an email exchange between multiple phone calls by the attorneys is not evidence against Mr. Spencer and certainly does not displace the multiple times both before and after that email when Mr. Spencer has explicitly declined to state whether he has the ability to decrypt the devices.

**GOVERNMENT HAS FAILED TO ESTABLISH MR. SPENCER CAN COMPLY AND HAS NOT FORGOTTEN THE PASSWORDS**

Unlike the substantial bulk of case law related to refusing to turn over documents to the Internal Revenue Service, (*U.S. v. Bright*, 596 F.3d 683 (9th Cir. 2010); *U.S. v. Ayres*, 166 F.ed 991 (9th Cir. 1999), this case involves producing the alleged contents of Mr. Spencer's memory.  Mr. Spencer has no prior criminal record, was 20 years old when arrested and has been in custody since April 2017.  It is neither unreasonable nor unrealistic to assume that Mr. Spencer is like 80.8% of within Mr. Spencer's age group and education level who report difficulties remembering their passwords. (See Ex. A Pilar DR, Jaeger A, Gomes CFA, Stein LM (2012) *Passwords Usage and Human Memory Limitations: A Survey across Age and Educational Background*. PLoS ONE 7(12): e51067. doi:10.1371/journal.pone.0051067).   That percentage is under normal circumstances

MOTION FOR RELIEF FROM DISPOSITIVE MAGISTRATE'S ORDER 17-MJ-70656/ 3:17-CR-00259

4

without outside stressors such as being locked in jail.  The government has put forth no evidence to prove that Mr. Spencer presently knows the passwords.

There were no limitations placed on the number of attempts that Mr. Spencer could make in an effort to decrypt the subject devices and the government has previously posited that a certain number of attempts will result in wiping of the device. This issue was left open with concern about what ramifications there would be if data was lost as a result of too many wrong guesses.

**DISCUSSION OF THE UNDERLYING ORDER IS NOT PROHIBITED AS UNDERLYING WAS PREFACED ON MR. SPENCER'S ALLEGED KNOWLEDGE OF THE PASSWORDS**

The contempt proceedings are not a re-opening of the underlying issue related to the Mr. Spencer's Fourth and Fifth Amendment rights but a continuation of it as this Court prefaced its order on its belief that the government had proven by clear and convincing evidence that Mr. Spencer possesses the ability to decrypt the subject devices.  Ability to comply is the crucial inquiry.  *U.S. v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996).  The issue of Mr. Spencer's ability comply and attached Fifth Amendment privilege must be addressed at the contempt hearing because "a court should weigh all the evidence properly before it determines whether or not there is actually a present ability to obey." *U.S. v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996) quoting *Donovan v. Mazzola,* 761 F.2d 1411, 1418 (9th Cir.1985) (citations omitted). Relying on the prior determination that Mr. Spencer possesses the ability to decrypt the

devices would foreclose a full and fair hearing on the issue of contempt. Mr. Spencer raises and preserves all prior issues he has argued in prior filings and argument. (Dkt.73- Objection to Magistrate Order; Magistrate Dkt. 14- Defendant's Response to All Writs Act Request, Magistrate Dkt. 22- Transcript of Proceedings from Hearing on March 1, 2018).

If this Court determines at the contempt hearing that Mr. Spencer does not possess the ability to comply and is not in contempt, then the government has no longer met the burden of clear and convincing evidence to reach a "foregone conclusion".

The government appears to be taking the position that the U.S. Attorney's Office intends to use any "act of production" as evidence against Mr. Spencer regardless of this Court's Order to the contrary. If the government is arguing that they can and will use any act of production against Mr. Spencer, then the government is conceding his act of production is testimonial and not a foregone conclusion. (Gov't Mot. Dkt. 87, pg. 6-7). Thus, forcing Mr. Spencer to attempt to comply with the order would be a violation of his Fourth and Fifth Amendment rights.

Mr. Spencer intends to preserve all of his prior arguments made in filings and arguments before this Court and the Magistrate court and intends to no waiver of any argument by not specifically re-raising it in this response.

**CONCLUSION**

"It reflects many of our fundamental values and most noble aspirations: our unwillingness to subject those suspected of crime to the cruel trilemma of self-

accusation, perjury or contempt." *Murphy v. Waterfront Commn. of New York Harbor*, 378 U.S. 52, 55 (1964), *abrogated by U.S. v. Balsys*, 524 U.S. 666 on other grounds (1998). Mr. Spencer is facing that very trilemma now as he faces a contempt when the government has failed to prove whether Mr. Spencer possesses the current ability to decrypt his devices.

    Mr. Spencer is standing on his Constitutional rights and cannot be required to reveal whether he can, in fact, decrypt the subject devices or if the devices are even his to decrypt.

Dated this 14th of May, 2018.

/s/ Shannon M. Dorvall
Shannon M. Dorvall
Attorney for Ryan Michael Spencer

## DECLARATION AND PROOF OF SERVICE

I declare: I am over eighteen years of age, a resident of Los Angeles County, California and not a party to the within action. My address is 12424 Wilshire Blvd, Ste. 700, Los Angeles, CA. I am familiar with the business practices at our office for collecting and processing electronic and physical correspondence. In accordance with that practice, correspondence place in the internal mail collection system at Imhoff and Associates is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business

On the date referenced below, I electronically served the attached DEFENDANT'S RESPONSE TO GOVERNMENT APPLICATION UNDER ALLWRITS ACT by transmitting a true copy via EMAIL to AUSA Julie Garcia.

By electronic service via email copy of the motion to:

Department of Justice
United States Attorney's Office
Northern District of California
Julie Garcia, AUSA
Julie.Garcia@usdoj.gov

I DECLARE UNDER PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct. Executed at LOS ANGELES, CALIFORNIA.

Date: May 14, 2018, 2018                    ____/s/ Shannon M. Dorvall-Chin____
                                            SHANNON M. DORVALL-CHIN