# EXHIBIT A

ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JULIE D. GARCIA (CABN 288624)
JONAS LERMAN (CABN 274733)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    julie.garcia@usdoj.gov
    jonas.lerman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. CR 17-259 CRB-2 |
|---|---|---|
| Plaintiff, | ) | DECLARATION OF JULIE D. GARCIA IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT RYAN MICHAEL SPENCER SHOULD NOT BE HELD IN CIVIL CONTEMPT |
| v. | ) | |
| RYAN MICHAEL SPENCER, | ) | |
| Defendant. | ) | |

DECLARATION OF JULIE D. GARCIA
CR 17-259 CRB-2

1    I, Julie D. Garcia, declare:

2    1.   I am an Assistant United States Attorney with the United States Attorney's Office for the Northern District of California.  I make this declaration on my own knowledge.

3    2.   On May 1, 2018, I exchanged several emails with defense attorney Shannon Dorvall and defense attorney Christopher Parkhurst regarding whether and when defendant Ryan Michael Spencer would comply with the Court's orders requiring him to decrypt and unlock three electronic devices seized from his residence under a valid search warrant.  These emails are attached as Exhibit A to the Declaration of Jonas Lerman in Support of Motion for Order to Show Cause Why Defendant Ryan Michael Spencer Should Not Be Held in Civil Contempt. Dkt. 87-1.

4    3.   In an email sent at 9:18 am on May 1, 2018, Ms. Dorvall asked whether the government "need[ed] [Spencer] to decline directly to the Marshals" or whether doing so "through counsel" would be sufficient.  Dkt. 87-1, Ex. A, at 9.  I asked Ms. Dorvall by email to clarify whether Spencer was "refus[ing] to comply with the Court's decryption order." *Id.* at 8-9.  When she did not respond, I called Ms. Dorvall directly and asked whether Spencer was refusing to comply with the order.  I explained that, if Spencer was refusing to comply, then the government would move the Court to hold him in contempt.  Ms. Dorvall stated that she had spoken with Spencer after United States Magistrate Judge Jacqueline Scott Corley had issued her March 20, 2018, order compelling him to decrypt and unlock the devices, and that at that time he had stated his intention to refuse to comply.  But she explained to me that she had not yet discussed with Spencer this Court's April 26, 2018, order denying Spencer's motion for relief from Judge Corley's order (Dkt. 83, "Decryption Order") and therefore could not definitively state whether Spencer was refusing to comply with the Decryption Order.  Ms. Dorvall never stated that Spencer was incapable of decrypting and unlocking the devices.

5    4.   Ms. Dorvall and I spoke by phone again that day to discuss the logistics for a potential contempt hearing.  I agreed that the government would not move to hold Spencer in contempt of court until defense counsel definitively represented that Spencer was refusing to comply with the Decryption Order or until the Court's deadline of May 8, 2018, had passed—whichever occurred first.  Ms. Dorvall and I did not discuss Spencer's ability to decrypt and unlock the devices on those calls.

6    5.   After the phone calls on May 1, 2018, until today, May 14, 2018, Ms. Dorvall and I did

DECLARATION OF JULIE D. GARCIA
CR 17-259 CRB-2

1  not speak again by phone.  On the phone call today—which took place approximately three hours before Spencer filed his response to the government's contempt motion—Ms. Dorvall stated for the first time that Spencer had never told her or co-counsel Christopher Parkhurst "one way or the other" whether Spencer could decrypt and unlock the devices because the defense attorneys had "never asked him directly" whether he could.  Ms. Dorvall further stated that, thus far, defense counsel had not gotten "clear answers" from Spencer regarding whether he could decrypt and unlock the devices—only that he "[did] not want to try" to do so.

6. I reviewed and approved prior to filing all of the factual assertions made in the United States' Notice of Motion and Motion for Order to Show Cause Why Defendant Ryan Michael Spencer Should Not Be Held in Civil Contempt.  Dkt. 87.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.  Executed on May 14, 2018, in San Francisco, California.

                                                                                        __/s/ Julie D. Garcia_____
                                                                                        JULIE D. GARCIA
                                                                                        Assistant United States Attorney