Shannon M. Dorvall-Chin SBN 241589
Imhoff & Associates, P.C.
12424 Wilshire Blvd., Ste 700
Los Angeles, CA 90025
(310) 315-1100 phone
(310) 566-5169 fax
shannondorvall@criminalattorney.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN MICHAEL SPENCER,<br><br>Defendant. | Case No.: 3:17 CR 00259-CRB-02<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

NOW INTO THIS COURT, through undersigned counsel, comes Defendant RYAN MICHAEL SPENCER ("Mr. Spencer" or "Defendant"), who respectfully submits this Sentencing Memorandum and requests that the Court accept the stipulated sentence, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal

Procedure, agreed upon by the parties after lengthy and extensive negotiations. As set forth in more detail below, the stipulated sentence agreed upon by the parties is a sufficient, but not greater than necessary, sentence to achieve the ends of justice and all the goals of sentencing. Indeed, the agreed upon sentence is on the higher end of prior child pornography cases prosecuted by the United States and, given Mr. Spencer's age, a first-time offender, and someone who is unlikely to ever commit another crime again, represents a reasonable disposition to this case.

Dated: July 3, 2019

/s/ SHANNON M. DORVALL
--------------------------------------------------
SHANNON M. DORVALL
CHRISTOPHER CARLE KINGSLEY PARKHURST
Attorneys for Defendant Spencer

# TABLE OF AUTHORITIES

## Cases

*Gall v. United States*, 552 U.S. 38, 57-58 (2007) .......... 10

*In re Stanford*, 537 U.S.968, 123 S.Ct. 472, 474 (2002) .......... 10

*Kimbrough v. United States*, 552 U.S. 85, 109 (2007) .......... 11

*Koon v. United States*, 518 U.S. 81, 113 (1996) .......... 14

*Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 2464 n. 5 (2012) .......... 10

*Pepper v. United States*, 131 S. Ct. 1229, 1242-43 (2011) .......... 12

*Spears v. United States*, 555 U.S. 261, 263-266 (2009) .......... 11

*United States v. Dorvee*, 616 F.3d 174, 188 (2nd Cir. 2011) .......... 12

*United States v. Henderson*, 649 F.3d 955, 962-963 (9th Cir. 2011) .......... 12

*United States v. VandeBrake*, 679 F.3d 1030, 1037 (8th Cir. 2012) .......... 11

## Statutes

18 U.S.C. § 3553(a) .......... 16

18 U.S.C. § 3553(a)(1) .......... 12

18 U.S.C. § 3553(a)(2) .......... 13

18 U.S.C. § 3553(a)(2)(B) .......... 13

18 U.S.C. § 3553(a)(2)(C) .......... 14

18 U.S.C. § 3553(a)(2)(D) .......... 14

18 U.S.C. § 401(3) ..........5

18 U.S.C. §§2251(a) ..........5

18 U.S.C. §§2252(a)(2).......... 4, 5, 6

18 U.S.C. §§2252(a)(4)(B) ..........5

U.S.C. §§2251(a) ..........5, 6

**Other Authorities**

Johnson, Sara, et al., *Adolescent Maturity and the Brain: The Promise and Pitfalls of Neuroscience Research in Adolescent Health Policy*, J. Adolesc. Health, 2009 Sep: 45(3): 216-221..........10

*United States Sentencing Commission, Report to the Congress: Mandatory Minimum Penalties for Federal Sex Offenses* (2019) at 26. ..........15

## INTRODUCTION & SUMMARY OF ARGUMENT

This matter is now before the Court at sentencing pursuant to a Rule 11(c)(1)(C) plea agreement negotiated by the parties. As detailed below, the plea agreement and its stipulated sentence should be accepted by the Court in light of all the pertinent sentencing factors applicable to this case.

### I. Procedural History

1. On October 10, 2018, Mr. Spencer pled guilty to Counts 1 through 8 of the Superseding Indictment:
   a. Count 1: Conspiracy to Distribute and Receive Child Pornography in violation of 18 U.S.C. §§2252(a)(2) and (b)(1);
   b. Counts 2 and 3: Production of Child Pornography in violation of 18 U.S.C. §§2251(a) and (e);
   c. Counts 4 and 5: Distribution of Child Pornography in violation of 18 U.S.C. §§2252(a)(2) and (b)(1);
   d. Count 6: Receipt of Child Pornography in violation of 18 U.S.C. §§2252(a)(2) and (b)(1);
   e. Count 7: Possession of Child Pornography in violation of 18 U.S.C. §§2252(a)(4)(B) and (b)(2);
   f. Count 8: Contempt of Court in violation of 18 U.S.C. § 401(3).

2. The parties have agreed to the following guideline calculation which is not binding on the court.

a. **Group 1**: Production of Child Pornography in violation of 18 U.S.C. §§2251(a) and (e):

| | | |
|---|---|---|
| i. Base Offense Level: | 2G2.1(a) | 32 |
| ii. Minors under 12: | 2G2.1(b)(1) | +4 |
| iii. Contact Offense: | 2G2.1(b)(2)(A) | +2 |
| iv. Distributed Images | 2G2.1(b)(3) | +2 |
| v. Minor in Care of Defendant | 2G2.1(b)(5) | +2 |
| Obstruction of Justice | 3C1.1 | +2 |
| Adjusted Offense Level | | = **44** |

b. **Group 2**: Production of Child Pornography in violation of 18 U.S.C. §§2251(a) and (e):

| | | |
|---|---|---|
| i. Base Offense Level: | 2G2.1(a) | 32 |
| ii. Minors under 12: | 2G2.1(b)(1) | +4 |
| iii. Distributed Images | 2G2.1(b)(3) | +2 |
| Obstruction of Justice | 3C1.1 | +2 |
| Adjusted Offense Level | | = **40** |

c. **Group 3**: Conspiracy to Distribute and Receive Child Pornography in violation of 18 U.S.C. §§2252(a)(2) and (b)(1):

i. Base Offense Level: 2G2.2(a)(1) 22

ii. Minors under 12: 2G2.2(b)(2) +2

iii. Distribution for non-monetary gain: 2G2.2(b)(3)(B) +5

iv. Contact Victim: 2G2.2(b)(5) +5

v. Use of a Computer: 2G2.2(b)(6) +2

vi. More than 600 images: 2G2.2(b)(7)(D) +5

Obstruction of Justice: 3C1.1 +2

Adjusted Offense Level = **43**

d. **Group 4-12** (Minors 4-12)

i. Base offense level (for each Group): 2G2.1(a) 32

ii. Minors under 12: 2G2.1(b)(1) +4

iii. Minor in Care of Defendant: 2G2.1(b)(5) +2

Obstruction of Justice (for each Group): 3C1.1 +2

Adjusted Offense Level (for each Group) =**40**

e. **Group 13**

i. Base offense level: 2G2.2(a)(1) 22

ii. Minors under 12: 2G2.2(b)(2) +2

iii. Distribution for non-monetary gain: 2G2.2(b)(3)(B) +5

iv. Contact Victim: 2G2.2(b)(5) +5

v. Use of a Computer: 2G2.2(b)(6) +2

| | | |
|---|---|---|
| vi. More than 600 images: | 2G2.2(b)(7)(D) | +5 |
| Obstruction of Justice: | 3C1.1 | +2 |
| Adjusted Offense Level: | | =**43** |

**f. Combined Offense Level**

| **Group** | **U.S.S.G. Section** | **Units/Level** |
|---|---|---|
| Group 1 | § 3D1.4(a) | 44 |
| Groups 2-13 | § 3D1.4(a) | +5 |
| Combined Offense Level | §3D1.4 | 49 |
| Acceptance of Responsibility | §3E1.1 | -3 |
| Total Offense Level | Capped at 43 | =43 |

(Doc. 118, Plea Agreement at pp. 10-12).

**g. The Kinds of Sentences Available and the Advisory Sentencing Range – 18 U.S.C. § 3553(a)(3) and (4)**

The term of imprisonment under statute for Counts 1, 4, 5 and 6 is five to twenty years. 18 U.S.C. §§ 2252(a)(2) and (b)(1). The terms of imprisonment for Counts 2 and 3 are fifteen to thirty years. 18 U.S.C. §§ 2251(a) & (e). The maximum term for Count 7 is 20 years. 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Count 8 may be punished by a fine or imprisonment or both. 18 U.S.C. § 401.

The minimum term of supervised release for each of Counts 1 – 7 is five years and the maximum term is life. The maximum fine for Counts 1 – 7 is $250,000.

## II. RYAN SPENCER'S PERSONAL HISTORY AND CHARACTERISTICS SUPPORT THE AGREED-UPON SENTENCE

### A. Personal History

Mr. Spencer was born in 1997 after a pregnancy marred by his mother's gestational diabetes. His parents had a difficult marriage and both parents suffered from severe anxiety and depression. His parents divorced and Mr. Spencer began splitting his time between their homes. Both parents re-married shortly after the divorce. Mr. Spencer had a good relationship with his stepfather who recently passed away from cancer. His relationship with his stepmother was more strained and caused Mr. Spencer stress and anxiety as he was barred from his stepmother's home due to talking back to her. This placed additional strain on his relationship with his father.

In the first grade, Mr. Spencer suffered a very traumatic incident where he was forced to perform oral sex on a fifth grader. This incident was reported to the San Jose Police Department and marked an extremely early entry into sexual education.

Teachers would describe him as caring (often asking them how they were doing), and bright, but also very awkward around his peers and sensitive. He would often spend lunch and recess alone or with teachers or in the library. In first grade, his teacher had to have emergency surgery. The children were told why she was not going to be at school a few days. The teacher told Mr. Spencer's mother that when the teacher returned, Ryan wanted to make sure she was okay. She told me he was the only student that checked in on her. It was typical of him to check in on people he knew were having a difficult time, including teachers, friends, relatives, and friends of the family.

In 5th grade, his family moved to Aptos and he was a new student. Mr. Spencer was bullied relentlessly by the children in his class. They called him all sorts of names and would flip up his desk knocking his stuff to the floor. They took his glasses and stepped on them breaking them. One boy threatened to take a knife to school and kill him the next day. The boy did showed up with a knife the next day. The student was suspended but the bullying continued.

In junior high, he spent a number of weeks using his lunch recess to help a teacher set up the technology lab. He set up 60 iPads for the students to use.

In high school, he helped various teachers with graphic design projects. He won an award from the school district for his graphic design work.

Mr. Spencer is an avid reader. He loved all sorts of fantasy and sci-fi fiction. He belonged to the chess club in elementary school. He played Little League Baseball for a few years but never really excelled at athletics. He loves music and would constantly listen to a wide variety of music from modern pop to Christian music.

Around the age of 12, Mr. Spencer began feeling sexually confused and sought out others online to help him understand what was happening. Instead of help, Mr. Spencer met his co-defendant, a then 18-year-old predator named Bryan Petersen. Mr. Petersen requested and received nude photographs of Mr. Spencer. This seemingly flirtatious introduction to child pornography led Mr. Spencer to become fully initiated into that world by Mr. Petersen.

As Mr. Spencer grew into his teenage years, he applied his interest in culinary arts and volunteered for several organizations including the Santa Cruz Teen Kitchen Project in Aptos, CA where he provided meals to terminally ill people and his school where he assisted with fundraising.

Whenever Mr. Spencer learned about something like a scholarship, a class, a program, an app or service, he'd reach out and share the information with whomever he thought could benefit. He often brought other students, including his siblings, forms from school he knew they needed. Mr. Spencer would tell other

parents about jobs and school programs (such as Regional Occupational Classes) he heard were available so they could share the information with their children.

Ryan helped his friends with resumes, signing up for classes, and supported his friends when they were depressed. When Ryan was 18, he drove from Aptos to San Jose to pick up one of his friends who was severely depressed and have him stay with us so he would not be alone. He also contacted his friend's mom so she would know he needed help.

A few months prior to his arrest, Mr. Spencer sought counseling for his issues and has continued to seek counseling and treatment while in custody.

He started so young and impressionable that there is still hope for rehabilitation.

Fifteen character letters are attached. Each was drafted in support of Mr. Spencer to aid the Court in further understanding Mr. Spencer. (See Attached A-O).

**B. <u>Adolescent Brain Development</u>**

Mr. Spencer is 21 years old and was 19 years old when arrested.

Adolescent brain development research has shown that the human brain's prefrontal cortex is the last part of the brain to develop and is not complete until approximately age 25. Johnson, Sara, et al., *Adolescent Maturity and the Brain: The Promise and Pitfalls of Neuroscience Research in Adolescent Health Policy*, J.

Adolesc. Health, 2009 Sep: 45(3): 216-221; see also, *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 2464 n. 5 (2012) (it is increasingly clear that adolescent brains are not yet fully mature in regions and systems related to higher-order executive functions such as impulse control, planning ahead, and risk avoidance); *In re Stanford*, 537 U.S.968, 123 S.Ct. 472, 474 (2002) (Stevens, J. dissenting) ("Neuroscientific evidence of the last few years has revealed that adolescent brains are not fully developed, which often leads to erratic behaviors and thought processes in that age group").

The Supreme Court has recognized that a defendant's young age is an appropriate mitigating factor to consider in imposing a sentence. *Gall v. United States*, 552 U.S. 38, 57-58 (2007) (district court's sentence to probation was reasonable and court did not abuse its discretion in emphasizing defendant's age at the time of the offense

Mr. Spencer's brain has not fully developed, which means that his executive functioning will improve as he continues to mature. His youth affords him increased flexibility and an ability to change his behavior.

**III. Sentencing Factors under §3553(a)**

In the ordinary case, the Guidelines range "will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007). The Sentencing

Commission was formed to promulgate the Guidelines based on empirical data, research and careful study of past sentencing practices. *Id*. at 96. But, where the Guidelines "do not exemplify the Commission's exercise of its characteristic institutional role," it would not be an abuse of discretion for a district court to conclude that the Guidelines yield a sentence greater than necessary to achieve § 3553(a)'s purposes. *Id*. at 109-110; see also, *Spears v. United States*, 555 U.S. 261, 263-266 (2009) (district courts are entitled to reject and vary categorically from the Guidelines based on a policy disagreement with those Guidelines, even when a particular defendant presents no special mitigating circumstances).

The Court's holdings in *Kimbrough* and *Spears* apply with equal force to other Guidelines, including U.S.S.G. § 2G2.2. *United States v. VandeBrake*, 679 F.3d 1030, 1037 (8th Cir. 2012) (district court was free to vary based on a policy disagreement with the antitrust Guidelines); *United States v. Henderson*, 649 F.3d 955, 962-963 (9th Cir. 2011) (the child pornography Guidelines are not the result of the Sentencing Commission's characteristic institutional role and district courts may vary from the Guidelines based on policy disagreement with them); *United States v. Dorvee*, 616 F.3d 174, 188 (2nd Cir. 2011) (*Kimbrough*'s holding applies with "full force" to U.S.S.G. § 2G2.2).

The Court must "consider all of the § 3553(a) factors," "make an individualized assessment based on the facts presented," *id.* at 49-50, and explain

how the facts relate to the purposes of sentencing. *Id*. at 53-60; *Pepper v. United States*, 131 S. Ct. 1229, 1242-43 (2011). The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id*. at 101; *Pepper*, 131 S. Ct. at 1242-43.

In addition to "the history and characteristics of the defendant," the Court must also consider "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1).

In addition to the personal characteristics of the defendant and the nature and circumstances of the offense, Section 3553(a) directs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). These factors are addressed in turn below

**A. Respect for the Law and Just Punishment**

First, a more lengthy prison term is not necessary to reflect the seriousness of the offense, to promote respect for the law, or to provide just punishment. A 30-year sentence is the maximum, without consecutive sentencing, that Mr. Spencer is facing on any individual count. He is currently 21 years old and will be facing

more time in custody than he has spent free. These charges are very serious and require a serious sentence which is more than achieved by a 30-year sentence.

B. **Deterrence**

For many of the same reasons, a lengthy prison term also is not necessary to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Mr. Spencer is a young man and was 12 when he met his co-defendant. He has already began seeking sex offender treatment. With his conviction, he will a lifetime member of the sex offender registry in any state where he may eventually reside. A 30-year sentence is enough to deter similar conduct.

**C. Protection from Further Crimes**

A lengthy prison term also is not necessary to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Mr. Spencer will be required to register as a sex offender upon his release and has agreed to strict computer monitoring terms. Mr. Spencer has also agreed to a 15-year supervised release term so the Court will continue to have supervision over Mr. Spencer until his eligible for retirement.

**D. Treatment and Training**

Finally, a lengthy prison term is not necessary "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

Sentencing courts are, of course, charged with the responsibility of treating those that come before them as individuals. *Koon v. United States*, 518 U.S. 81, 113 (1996) ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.") Courts are charged by Congress, as well, to impose a sentence that is sufficient, but not greater than necessary to fulfill the goals of sentencing established by Congress. See 18 U.S.C. § 3553(a).

Mr. Spencer has expressed a strong desire for treatment and counseling. He was a minor when he began viewing these images. He is still very young and studies show that his brain is still developing and is subject to positive influence towards rehabilitation.

In fiscal year 2016, the average sentence length for offenders convicted of a sexual abuse offense carrying a mandatory minimum penalty was nearly three times as long as the average sentence for offenders convicted of a sexual abuse offense not carrying a mandatory minimum penalty (252 months compared to 86 months). The average sentence length for those offenders who remained subject to the mandatory minimum penalty (263 months) was more than double the average sentence length for those sexual abuse offenders who received relief from the

mandatory minimum penalty (129 months). *United States Sentencing Commission, Report to the Congress: Mandatory Minimum Penalties for Federal Sex Offenses* (2019) at 26.

## IV. CONCLUSION

Mr. Spencer committed a serious offense. The agreed-upon sentence in the Plea Agreement is "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), to adequately address those offenses.

Dated: July 3, 2019

/s/ SHANNON M. DORVALL
---------------------------------------------
Shannon M. Dorvall
Christopher Carle Kingsley Parkhurst
Attorney for Defendant Spencer_